**In The Matter of Courtney SCHNIEDERS, Casey Schnieders, and Cailey Schnieders, Plaintiffs.**

**Judith Bailey and Melissa Pagelai, Respondents,**

v.

**Michael Schnieders, Appellant.**

**No. WD 64899.**

Missouri Court of Appeals, Western District.

Oct. 4, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 22, 2005.

Mark A. Richardson, Jefferson City, MO, for Appellant.

Sara C. Michael, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, P.J., EDWIN H. SMITH, C.J. and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Michael Schnieders appeals the circuit court's judgment denying his motion

to terminate the guardianship and conservatorship of his children. Mr. Schnieders claims that the circuit court erred and misapplied the law in using a best-interest analysis to deny his motion. Because there was no error, we affirm.

Mr. Schnieders is the natural father of three minor children, twins Courtney and Casey, and younger sister Cailey. Their mother died of a terminal illness in 2002. When she was not in the hospital during the year preceding her death, she and the children were living with the children's maternal grandmother, Ms. Judith Bailey. The girls continued to live with their grandmother, and Mr. Schnieders consented to Ms. Bailey being appointed the children's guardian by the Cole County Circuit Court so that she could have the legal authority to make decisions on their behalf while he put his life back in order. He requested custody of the children from Ms. Bailey in December 2003, but she refused. In May 2004 he filed a "Revocation of Parent's Consent to Guardianship and Motion to Terminate Guardianship, Remove Conservator, and Name Natural Father Successor Conservator."

The circuit court denied Mr. Schnieders's motion, finding that while Mr. Schnieders was not an unfit parent, it would be in the children's best interest to remain with their grandmother. The circuit court referred to several factors in determining best interest, including Mr. Schnieders's admitted daily alcohol consumption, the older girls' wishes, the girls' ability to remain at their present school, and Mr. Schnieders's failure to present sufficient evidence that changing the guardianship would serve the children's best interest.

In a bench-tried case, this court will overturn the circuit court's ruling if there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Flathers v. Flathers*, 948 S.W.2d 463, 465 (Mo.App. W.D.1997). Because Mr. Schnieders alleges that the circuit court erred in applying the law, we review the issue *de novo*, where no discretion is given to the circuit court's decision because it involves a matter of statutory interpretation. *Blakely v. Blakely*, 83 S.W.3d 537, 540 (Mo. banc 2002).

Section 475.030.4 [1] allows the State to grant letters of guardianship of the person of a minor in three cases: when the parents are no longer living, when the parent or parents have their parental rights terminated, or when the parent or parents are "unwilling, unable or adjudged unfit to assume the duties of guardianship." In this case, Mr. Schnieders consented to the guardianship at a time when he was apparently unwilling or unable to assume his parental duties. His daughters, then age nine and three, had been living with their grandmother throughout their mother's year-long illness. Mr. Schnieders thought it best, when their mother died, that the girls remain with Ms. Bailey until he was ready to take them back full time.

Before section 475.083 was amended in 2001, the probate court was not directed to consider a minor's best interest in deciding whether to terminate a guardianship. We interpreted this section in a case decided in 1999 and declared that once a court determines that a parent is no longer unfit, the court's inquiry must stop, because the law presumes that a minor child's best

1. All statutory references are to RSMo (2000) and the Cumulative Supp. (2004), unless otherwise indicated.

interest is served by having custody in a parent. *In the Interest of L.C.F.*, 987 S.W.2d 830, 834–35 (Mo.App. W.D.1999). In that case, we distinguished the child-custody statutes that do require a best-interest analysis.

Section 475.083 provides for the termination of a guardianship or conservatorship in seven defined circumstances, including "[u]pon an order of court terminating the guardianship or conservatorship." § 475.083.1(7). Previously, a court could have ordered such termination "(1) If the conservatorship estate is exhausted; (2) If the guardianship or conservatorship is no longer necessary for any other reason." § 475.083.2(1)-(2). As amended in 2001, the statute now provides for a court order terminating the guardianship "(2) If the conservatorship is no longer necessary for any other reason; (3) If the court finds that a parent is fit, suitable and able to assume the duties of guardianship *and* it is in the best interest of the minor that the guardianship be terminated." § 475.083.2(3) (emphasis added). Thus, while *L.C.F.* correctly stated the law in 1999, it no longer applies to our current understanding of the legislation.

The circuit court's findings state in pertinent part, "The court does not find that the natural father, Michael Schnieders, is unfit," and then the court went on to discuss the children's best interest. This was proper under amended section 475.083, and the circuit court did not err as a matter of law. Because Mr. Schnieders does not challenge the sufficiency of the evidence supporting the circuit court's best-interest findings, we will not review that evidence in affirming the court's ruling.

■ In his original motion to revoke guardianship, Mr. Schnieders also filed a motion to remove the conservator, Melissa Pagelai, who manages the funds left to the children by their mother. The circuit court did not make any specific findings regarding the conservatorship, and Mr. Schnieders only mentions the issue in his point relied on and in the last sentence of his appellate brief without presenting an argument. Additionally, Mr. Schnieders testified on cross-examination that he would not have any objection to Ms. Pagelai continuing to serve as the conservator of the children's funds. Since Mr. Schnieders only makes a brief reference to the issue without argument or citation to legal authority, however, this issue is deemed abandoned. *State v. Timmons*, 956 S.W.2d 277, 283 (Mo.App. W.D.1997); *see also Brough v. Ort Tool & Die Corp.*, 149 S.W.3d 493, 498 (Mo.App. W.D.2004).

The circuit court properly applied the law when it denied Mr. Schnieders's motion to revoke consent and terminate the guardianship and conservatorship of his three daughters. Accordingly, we affirm the circuit court's judgment.

VICTOR C. HOWARD, P.J. and EDWIN H. SMITH, C.J., concur.